UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                                    **CASE NO. 2:16-CR-165**

      v.                                              **JUDGE EDMUND A. SARGUS, JR.**

**ODESSEY CHERRELL CURRY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 90) and the Government's Response (ECF No. 94). For the reasons that follow, the Court **DENIES** Defendant's Motion.

### I.

On February 10, 2021, Odessey Cherrell Curry appeared before the Court for sentencing after having pleaded guilty to Making False Claims in violation of 18 U.S.C. § 287. The Court sentenced Ms. Curry to two years' probation. (Judgment in a Criminal Case, ECF No. 63).

On September 8, 2022, Ms. Curry's Probation Officer submitted a Petition for Warrant Probation Violation Report alleging various violations of standard and special conditions of probation. (ECF No. 65.) The Court issued a warrant for Ms. Curry's arrest, and she was arrested on said warrant approximately five months later, on February 24, 2023. (ECF No. 77.)

On March 6, 2023, Ms. Curry appeared before the Court for a Final Revocation Hearing. Ms. Curry admitted guilt to violation of Standard Condition No. 2 and Special Conditions Nos. 1 and 4.

The Court sentenced Defendant to a term of imprisonment through March 23, 2023, and thereafter as a special condition of supervision, placement at the Alvis House where she would complete a four-month stay. (Hrg. Trans., ECF No. 93.)

The next day the Court issued the Judgment, which reflected the term of imprisonment through March 23, 2023, but also stated, "Probation shall continue as previously imposed." (ECF No. 79.) The Judgment then went on to indicate "four (4) months at the Alvis" as a special condition of supervision, and "[a]ll other previous terms and conditions of supervised release shall remain in effect." (*Id.*)

On May 19, 2023, the Court filed the Probation Officer's petition for a summons and a "Probation Violation Report," which cited new violations by the Defendant of her conditions of supervision. (Petition, ECF No. 80; Report, ECF No. 80-1; *see also* Suppl. Violation Report, July 11, 2023; Amended Suppl. Violation Report, July 14, 2023.)  The Court issued a Summons, (ECF No. 81), and after a series of continuances, a "Probation Revocation Hearing" was scheduled for August 10, 2023, (ECF No. 89).

On the date of the scheduled hearing, August 10, 2023, Defendant filed the instant Motion to Dismiss, which is ripe for review.

**II.**

Defendant argues that this case should be dismissed for lack of jurisdiction because

> Ms. Curry's two-year term of probation expired by its terms on or about February 10, 2023. Because the Court issued a warrant for Ms. Curry's arrest prior to February 10, 2023, for violations alleged in Probation Violation Report dated September 8, 2022, the Court had jurisdiction to hold the final revocation hearing to address those violations on March 6, 2023. However, at the March 6, 2023, hearing, the Court elected not to extend Ms. Curry's term of probation and instead "continue[d her] on probation.. without extending the term." 18 U.S.C. § 3464(d).

(Def's Mot. at 7, ECF No. 90.)

In other words, Defendant contends that at the March 6, 2023, Hearing, the Court divested itself of jurisdiction after that date because it placed Plaintiff on a term of probation that had already

2

expired as evidenced by the language in the Judgment that "Probation shall continue as previously imposed." (ECF No. 79.) Defendant then explains the law related to tolling of a term of probation, which does not provide for tolling in the present situation. While Defendant provides a persuasive argument related to tolling law in this area, it is inapplicable because this Court did not purposefully nor inadvertently divest itself of jurisdiction to enforce the judgement is issued on March 6, 2023.

Based on the orders the Court imposed from the bench on March 6, 2023, and the Judgment that memorialized those orders, Ms. Curry was sentenced to a term of imprisonment followed by supervised release. The Court orally announced its judgment at the hearing:

> There will be a term of imprisonment . . . . So Ms. Curry will serve a term of imprisonment through March 23rd of this year. Thereafter, as a special condition of supervision, she will be placed at the Alvis House where she will complete a four-month stay there.

(Hrg. Trans., ECF No. 93.)

The language in the Judgment that "Probation shall continue as previously imposed" refers to half way house time carried forward as a condition of supervision into the new term. This is because the Court clearly expressed its intention to impose a four-month term of supervision including a stay at Alvis House.

Further, once the Court, by imposing imprisonment, revoked probation and that the term following imprisonment was a continuation and extension of probation. A term of imprisonment constitutes a revocation of probation, 18 U.S.C § 3565(a) (describing probation and revocation as the Court's only sentencing options after finding a probation violation), and it is inconsistent with probation, 18 U.S.C. § 3561 (precludes the imposition of both probation and straight imprisonment.").

Finally, to the extent the Judgment's reference to a continuation of probation may be interpreted as incongruent with the Court's oral sentence, the latter controls. *United States v. Henry*, 819 F.3d 856, 864 (6th Cir. 2016) ("When an oral sentence and a written judgment conflict, the oral

sentence controls."). The oral sentence here is plain: Defendant was sentenced to a term of imprisonment, followed by a four-month term of supervised release.

### III.

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Jurisdiction.  (ECF No. 90.)  The Clerk is **DIRECTED** to schedule a revocation hearing in this matter forthwith.

**IT IS SO ORDERED.**

**9/5/2023**　　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**